915 F.2d 1573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Millard Earl SMITH, Plaintiff-Appellant,
v.
David MILLS, George Little, Fred Raney, Michael Parris, Tom
Harney, Norma J. Eggers, Gail Owens, Defendants-Appellees.
 No. 90-5024.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1990.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Millard Earl Smith, a pro se Tennessee prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 2
 Seeking damages, injunctive and declaratory relief, Smith sued various officials of the Tennessee department of corrections alleging that he was denied due process in connection with the processing of a disciplinary complaint, which was issued on February 13, 1989, for the physical and sexual assault of another inmate. Smith specifically alleged: (1) that defendants violated his constitutional rights by allowing his inmate advisor a continuance of the disciplinary hearing without his consent; (2) that his inmate advisor was not taken off his case as requested; (3) that the disciplinary board refused to record his motions; (4) that he was not allowed to question a doctor; (5) that a doctor's report was admitted into evidence, even though it was not in the form required by prison policy; (6) that he was convicted on the basis of hearsay evidence; (7) that the disciplinary board refused to tape-record the hearing; and (8) that he was refused permission to have his family lawyer attend the disciplinary hearing.
 
 
 3
 After review, the district court sua sponte dismissed Smith's action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). The district court found that the record of the disciplinary hearing process attached to Smith's complaint show, that he was not denied due process. Smith has filed a timely appeal. He argues that prior to the dismissal he should have been afforded the opportunity to amend his complaint. Smith requests the appointment of counsel in his brief on appeal.
 
 
 4
 Upon review, we affirm the district court's judgment of dismissal as proper pursuant to Fed.R.Civ.P. 12(b)(6), because Smith's complaint and the attached evidence show that Smith can prove no set of facts consistent with his allegations which would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).
 
 
 5
 Smith was afforded due process at the disciplinary hearing, see Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), and sufficient evidence does exist to support his disciplinary conviction. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Lastly, because an amended pleading would not have withstood a motion to dismiss, Smith was not entitled to amend his complaint prior to dismissal. See Head v. Jellico Housing Auth., 870 F.2d 1117, 1123-24 (6th Cir.1989).
 
 
 6
 Accordingly, the request for counsel is hereby denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.